UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| Elizabeth Busch, on behalf of herself and all others similarly situated, | Case No. 16-cv-0644 (WMW/HB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE** |
| Bluestem Brands, Inc., d/b/a Fingerhut, | |
| Defendant. | |

---

On April 30, 2019, this Court heard Plaintiff's motion for preliminary approval of a class action settlement of the above-captioned matter (the Action) between Plaintiff Elizabeth Busch and Defendant Bluestem Brands, Inc. (collectively, the Parties). (Dkt. 85.) Plaintiff moves, pursuant to Federal Rule of Civil Procedure 23, for the Court to preliminarily approve the terms and conditions set forth in the proposed Class Action Settlement Agreement (Settlement Agreement). The Court has reviewed and considered all papers filed in connection with the motion, including the Settlement Agreement and all exhibits referenced therein. For the reasons addressed below, the Court grants the motion.

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

1. Plaintiff Elizabeth Busch's unopposed motion for preliminary approval of a class action settlement, (Dkt. 85), is **GRANTED** as addressed herein.

2. Unless defined herein, all terms in this Order shall have the respective meanings ascribed to them in the Settlement Agreement.

3. The Court has conducted a preliminary evaluation of the Parties' proposed class action settlement (the Settlement) set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. *See* Fed. R. Civ. P. 23(e)(2). Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Federal Rule of Civil Procedure 23 for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate over any individual issues, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and her counsel adequately represent the interests of the Settlement Class, and that a class action is a superior method of adjudicating this action. The Court further finds that: (i) there is good cause to believe that the Settlement is fair, reasonable, and adequate; (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Arthur Boylan (Ret.); and (iii) the Settlement warrants Notice of its material terms to the Settlement Class for their consideration and reaction.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court certifies the proposed Settlement Class, consisting of: All persons in the United States who were sent a text message to a cellular telephone from or on behalf of Bluestem and where the number was coded by Bluestem as a "wrong party" on an outbound call, during the Class Period (*i.e.*, March 14, 2012, through October 15, 2018). Excluded from the Settlement Class are Bluestem, its parent companies, affiliates or

subsidiaries, or any entities in which such companies have a controlling interest; any employees thereof; the judge or magistrate judge to whom this Action is assigned and any member of those judges' staffs and immediate families; and any persons who timely and validly request exclusion from the Settlement Class.

5. For settlement purposes only, the Court hereby approves the appointment of Plaintiff Elizabeth Busch as Class Representative.

6. For settlement purposes only, the Court hereby approves the appointment of the following attorneys as Class Counsel and finds that they are competent and capable of exercising the responsibilities of Class Counsel:

| | |
|---|---|
| Ronald A. Marron<br>Alexis M. Wood<br>Kas L. Gallucci<br>Law Offices of Ronald A. Marron<br>651 Arroyo Drive<br>San Diego, CA 92103<br>Tel: 619.696.9006<br>ron@consumersadvocates.com<br>alexis@consumersadvocates.com<br>kas@consumersadvocates.com | Thomas J. Lyons, Jr. (#0249646)<br>tommy@consumerjusticecenter.com<br>Consumer Justice Center, P.A.<br>367 Commerce Court<br>Vadnais Heights, Minnesota 55127<br>Telephone: (651) 770-9707<br>Facsimile: (651) 704-0907 |

7. On **Tuesday, October 8, 2019**, at **2:00 p.m.**, this Court will a hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether: (i) final approval of the Settlement should be granted and (ii) Class Counsel's application for attorney's fees and expenses, and an incentive award to the Class Representative, should be granted. No later than **fourteen days before** the Opt-Out or Objection Deadline, Plaintiff must file her papers in support of Class Counsel's application for attorneys' fees and expenses. And no later than **fourteen days**

3

**before** the Final Approval Hearing, Plaintiff must file her papers in support of final approval of the Settlement.

8. Pursuant to the Settlement Agreement, Angeion Group is hereby appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

9. To aid in the efficient submission of claims, the Settlement Agreement allows claimants to submit Claim Forms online without the need for a manual signature. Claimants who submit an electronic Claim Form shall be bound to the same extent as if they had used a manual signature and the Claim Form will contain a statement to that effect. All Claim Forms must be submitted online to the Settlement Website or postmarked no later than the Claims Deadline, which is **Thursday, August 29, 2019**.

10. The Court approves the proposed plan for providing Notice to the Settlement Class by (i) Direct Notice through U.S. mail to the last-known addresses (electronic and/or physical) of the Settlement Class Members; (ii) the creation of the Settlement Website, as more fully described in the Settlement Agreement; (iii) Toll-Free Number; and (iv) Targeted Facebook Notice as needed to accomplish sufficient reach. The plan for giving Notice fully complies with the requirements of Rule 23 and due process in form, method, and content; constitutes the best notice practicable under the circumstances; and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Claims Administrator to initiate Direct Notice and launch the Settlement Website within 30 days after the entry of this Order.

11. All persons who otherwise meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing no later than the Opt-Out or Objection Deadline, which shall be **Tuesday, July 30, 2019**. To be valid, any request for exclusion must be sent to the Claims Administrator and postmarked on or before the Opt-Out or Objection Deadline. The request for exclusion must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class and must include the individual's name, his or her address, the name of the action (*Busch v. Bluestem Brands, Inc.*), a statement that he or she wishes to be excluded from the Settlement Class, and the cellular telephone number on which he or she allegedly received a text message sent by Bluestem during the Class Period. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Persons serving such a request shall be deemed to remain members of the Settlement Class and shall be bound as Settlement Class Members by the Settlement Agreement, if finally approved.

12. Any member of the Settlement Class may comment in support of, or in opposition to, the Settlement at his or her own expense; *provided, however*, that all comments and/or objections must be (i) filed with the Clerk of the Court or, if the Settlement Class Member is represented by counsel, filed through the CM/ECF system, and (ii) sent via mail, hand delivery, overnight delivery, or electronic mail to the Claims Administrator, Class Counsel, and Bluestem's counsel as described in the Notice, no later

than the Opt-Out or Objection Deadline. Any member of the Settlement Class who intends to object to the Settlement Agreement must include in his or her signed, written objection: (i) his or her full name, address, and current telephone number; (ii) the reasons for his or her objection; and (iii) to ensure membership in the Settlement Class, the cellular telephone number(s) on which he or she allegedly received a text message sent by Bluestem during the Class Period. Any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at his or her own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. A Settlement Class Member or his or her attorney intending to make an appearance at the Final Approval Hearing must (a) file a notice of appearance with the Court no later than seven (7) days prior to the Claims Deadline, and (b) serve a copy of such notice of appearance on all counsel for all Parties.

13. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent (if any) to appear at the Final Approval Hearing in accordance with the terms of Paragraph 12 above and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in this Action or in any other action or proceeding.

14. The Settlement Agreement, and the proceedings and statements made pursuant to the Settlement Agreement or in papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered, or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in this Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Bluestem has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

15. The certification of the Settlement Class shall be binding only with respect to the Settlement of this Action. In the event that the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the Parties shall be restored to their respective positions in this Action as of the date of the signing of the Settlement Agreement, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

16. All proceedings in this action are stayed, except those related to effectuating the Settlement, pending final determination of whether the Settlement should be approved.

17. Pending determination of whether the Settlement should be finally approved, all persons in the Settlement Class, individually and on a representative basis or other capacity, are barred and enjoined from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out, except that members of the Settlement Class may participate in any regulatory or government proceeding or investigation.

18. Accordingly, the following table includes the deadlines by which certain events must occur.

| | |
|---|---|
| **Friday, May 31, 2019** | Deadline for notice to be provided in accordance with the Settlement Agreement and this Order (Notice Deadline) |
| **Thursday, August 29, 2019** | Deadline for Settlement Class Members to Submit a Claim (Claims Deadline) |
| **Tuesday, July 30, 2019** | Deadline to file objections or submit requests for exclusion (Opt-Out or Objection Deadline) |
| **Tuesday, July 16, 2019** | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| **Tuesday, September 24, 2019** | Deadline for Parties to file Motion in Support of Final Approval of Class Action Settlement, including responses to any objections |
| **Tuesday, October 8, 2019** | Final Approval Hearing |

Dated: May 3, 2019

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge