UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Elizabeth Busch, on behalf of herself and all others similarly situated, | Case No. 16-cv-0644 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Bluestem Brands, Inc., d/b/a Fingerhut, | |
| Defendant. | |

---

This matter is before the Court on the Plaintiff Elizabeth Busch's unopposed motions for approval of requested attorneys' fees, costs, and incentive award and final approval of the Parties' class action settlement. (Dkts. 95, 100.) On October 8, 2019, the Court held a Final Approval Hearing to determine whether the proposed Class Action Settlement Agreement (Settlement Agreement) should be finally approved as fair, reasonable, and adequate. The Court has considered all the submissions and arguments of the Parties. For the reasons addressed below, pursuant to Federal Rule of Civil Procedure 23, and in accordance with the terms of the Settlement Agreement, the Court finds good cause to grant Plaintiff's motions and issue final judgment in this case.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Unless otherwise defined, all capitalized terms in this Order shall have the same meaning as they do in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All persons in the United States who were sent a text message to a cellular telephone from or on behalf of Bluestem and where the number was coded by Bluestem as a "wrong party" on an outbound call, during the Class Period (*i.e.*, March 14, 2012, through October 15, 2018).

3. The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Action and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after the Parties negotiated over a period of many months. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

4. The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any

questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5. The Court finally appoints the following attorneys as Class Counsel for the Settlement Class:

Ronald A. Marron
Alexis M. Wood
Kas L. Gallucci
Law Offices of Ronald A. Marron
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

Thomas J. Lyons, Jr. (#0249646)
Consumer Justice Center, P.A.
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

6. The Court finally confirms and designates Plaintiff Elizabeth Busch as the Class Representative.

7. The Court makes the following findings and conclusions regarding notice to the Settlement Class:

   a. The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement, and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

   b. The Class Notice (i) was the best practicable notice under the circumstances to potential Settlement Class Members; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of

the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice; and (iv) complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this Court, and any other applicable law.

    c.    The Defendant has complied with its notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the Settlement Agreement.

8. The Court finally approves the Settlement Agreement as fair, reasonable, and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9. There were no objections to the Settlement Agreement.

10. The Court approves the plan of distribution for the Settlement Fund as set forth in the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of the Settlement Agreement with respect to distribution of Settlement Awards, including a second payment, if feasible. In the event that any money remains in

the Settlement Fund following the distribution of funds pursuant to Section 4.04 of the Settlement Agreement, the remaining funds shall be distributed to the *cy pres* recipient. The Court approves of both the Minnesota Federal Court Pro Se Project and the Minnesota Volunteer Lawyers Network as *cy pres* recipients of those funds.

11. By incorporating the Settlement Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

12. Class Counsel have moved, pursuant to Rules 23(h) and 52(a) of the Federal Rules of Civil Procedure, for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a), this Court makes the following findings of fact and conclusions of law:

   a. the Settlement confers substantial benefits on the Settlement Class Members;

   b. the value conferred on the Settlement Class is immediate and readily quantifiable;

   c. within 30 days after the Effective Date, Settlement Class Members who have submitted valid Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.*;

   d. Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

      e.      the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

      f.      the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Defendants, and was negotiated in good faith and in the absence of collusion;

      g.      counsel who recover a common benefit for persons other than counsel or their client are entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g.*, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984).

13. Accordingly, Class Counsel are hereby awarded $1,750,000 in attorneys' fees and $11,174.79 in litigation costs from the Settlement Fund, amounts that this Court finds to be fair and reasonable. These amounts shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for allocating this award of attorneys' fees, costs, and expenses among and between Class Counsel.

14. The Class Representative is hereby granted an Incentive Award in the amount of $7,500 for her effort in this case on behalf of and for the benefit of the Settlement Class.

15. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits

maintained by the Plaintiff, all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

16. The Releases, which are set forth in Section 15 of the Settlement Agreement and below, are expressly incorporated herein in all respects and are effective as of the date of this Order. The Released Persons are fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged by the Releasing Persons from all Released Claims.

    a. The Settlement Agreement and the Releases therein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion (*see* **Exhibit A**) from the Settlement in accordance with the requirements in Section 11 of the Settlement Agreement.

    b. The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement. The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

    c. Upon entry of this Final Approval Order and the Judgment in this case, (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested

exclusion (opted out) in accordance with the terms and provisions of the Settlement Agreement; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s) except as set forth in the Settlement Agreement; and (iii) Settlement Class Members who have not opted out shall be permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims.

d. Upon Final Approval, each member of the Settlement Class, including the Plaintiff shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever and finally released, relinquished, and discharged the Released Persons from all Released Claims.

e. Nothing in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth therein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

17. The Court dismisses all Released Claims, with prejudice, without costs to any Party, except as expressly provided for in the Settlement Agreement.

18. This Order, the Judgment to be entered pursuant to this Order, and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

20. This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry. In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

21. The Court reserves jurisdiction over all matters relating to the interpretation, implementation, administration, effectuation, and enforcement of this Settlement.

22. Except as to any Settlement Class Members who have validly and timely requested exclusion (**Exhibit A**), this action is dismissed with prejudice, with all parties to bear their own fees and costs except as set forth herein and in the prior orders of the Court.

23. The Clerk of the Court is hereby directed to enter final judgment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 11, 2019
                                                                                                 s/Wilhelmina M. Wright
                                                                                                 Wilhelmina M. Wright
                                                                                                 United States District Judge